IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBRA J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-0611 |
| ) | Judge Campbell / Knowles |
| TENNESSEE DEPARTMENT OF ) | |
| HEALTH AND MELISSA BLAIR, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' Motion for Partial Dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Docket No. 7. Defendants have contemporaneously filed a supporting Memorandum of Law. Docket No. 8. Defendants seek dismissal of Plaintiff's claims against Defendant Blair because this is an employment discrimination case and Defendant Blair does not meet the definition of an employer under Title VII. *Id.* Defendants also seek dismissal of Plaintiff's claims for punitive damages because, under Title VII, punitive damages cannot be recovered against a governmental entity such as Defendant Tennessee Department of Health. *Id.*

Plaintiff, pro se, has filed a Response, arguing that, even though Defendant Blair is an employee of the Tennessee Department of Health, she meets the definition of employer because she has over fifteen employees under her. Docket No. 9. Plaintiff contends that Defendant Blair can be liable because she acts as both employer and employee. *Id.* With regard to her claim for punitive damages, Plaintiff responds that Defendant Blair can be held liable for punitive

damages in her capacity as an employee.[1]  *Id.*

As has been noted, Plaintiff has filed this pro se action pursuant to 42 U.S.C. 2000e-5 ("Title VII"), alleging that Defendants Tennessee Department of Health and Melissa Blair, discriminated against her based on race and retaliation.  Docket No. 1.  While the factual allegations of Plaintiff's Complaint are extensive, those allegations do not bear on the issues currently before the Court; namely, whether Defendant Blair is an employer as defined by Title VII and whether punitive damages are recoverable against the Tennessee Department of Health under the same.  Accordingly, the undersigned will not recount all of Plaintiff's factual allegations herein.  Suffice it to say that Plaintiff avers that she, an African-American female, held a supervisory position over two Caucasian employees, and that Defendant Blair, as Plaintiff's "section chief," wrongfully "stripped" her of that position without cause.  *Id.*  Plaintiff contends that Defendant Tennessee Department of Health is liable because it did not "properly determine whether or not there was reasonable cause" for Defendant Blair to strip Plaintiff of her supervisory position.  *Id.*  Plaintiff also avers that Defendants retaliated against her for filing her EEOC Charge of Discrimination.  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.  *Id.*

With regard to whether Defendant Blair, as Plaintiff's "section chief," is an employer as defined in Title VII, Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person." 42 U.S.C. §2000e(b). While the law is well-settled that employers are liable under respondeat superior for

---

[1] Plaintiff's Response does not address Defendant Tennessee Department of Health's argument that, as a governmental entity, it cannot be liable for punitive damages under Title VII. *See* Docket No. 9.

2

Case 3:12-cv-00611   Document 10   Filed 11/27/12   Page 2 of 5 PageID #: 217

acts of discrimination of their employee agents, the issue before this Court is whether Defendant Blair, as Plaintiff's "section chief," is an employee agent who may be separately liable as an "employer" under Title VII.

Several district courts within the Sixth Circuit have addressed agent liability under Title VII, and the majority of these cases have found no individual liability. *See, e.g., Lococo v. Barger*, 958 F.Supp. 290, 294-95 (E.D.Ky. 1997); *Burnett v. Tyco Corp.,* 932 F. Supp. 1039, 1043 (W.D.Tenn. 1996); *Czupih v. Card Pak Inc.,* 916 F.Supp. 687, 690 (N.D.Ohio 1996); *Frizzell v. Southwest Motor Freight, Inc.*, 906 F.Supp. 441, 449 (E.D.Tenn. 1995) *Winston v. Hardee's Food Systems, Inc.*, 903 F.Supp. 1151, 1152 -1155 (W.D.Ky.,1995); *Lowry v. Clark,* 843 F.Supp. 228 (E.D.Ky.1994); *Bremiller v. Cleveland Psychiatric Institute,* 879 F.Supp. 782 (N.D.Ohio 1995); *Wilson v. Wayne County,* 856 F.Supp. 1254 (M.D.Tenn.1994); *Contra Johnson v. University Surgical Group,* 871 F.Supp. 979 (S.D.Ohio 1994). Additionally, the weight of authority among the various district and circuit courts considering this issue is in agreement with not imposing individual agent liability under Title VII. *See, e.g., Grant v. Lone Star Co.,* 21 F.3d 649 (5th Cir.1994), *cert. denied* 513 U.S. 1015 (1994); *Sauers v. Salt Lake County,* 1 F.3d 1122 (10th Cir.1993); *Busby v. City of Orlando,* 931 F.2d 764 (11th Cir.1991) (per curiam); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507 (4th Cir.1994), *cert. denied* 513 U.S. 1058 (1994).

The Sixth Circuit itself addressed the issue of agent liability under Title VII in *Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997). In *Wathen*, the Sixth Circuit adopted the reasoning of the vast majority of district and circuit courts when it also rejected the concept of individual liability under Title VII.

3

The undersigned agrees with the courts above that individual agents under Title VII are intended to be sued only in their official capacity with liability imputed to the employer. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss with regard to Defendant Blair be GRANTED.

With regard to Defendants' Motion to Dismiss Plaintiff's claims for punitive damages, Plaintiff's Response addresses only Plaintiff's claim for punitive damages against Defendant Blair (and not Defendant Tennessee Department of Health). Should this Report and Recommendation be accepted, Plaintiff will have no claim for damages, either compensatory or punitive, against Defendant Blair. Thus, Plaintiff's remaining claims will be solely against Defendant Tennessee Department of Health.

To the extent that Plaintiff seeks to collect punitive damages from Defendant Tennessee Department of Health, the 1991 Civil Rights Act (which amended Title VII), expressly provides:

> (b) Compensatory and punitive damages
>
> (1) Determination of punitive damages
>
> A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. §1981a(b)(1) (Emphasis added).

The Tennessee Department of Health is a division of the State of Tennessee created by an act of the State legislature. *See* Tenn. Code Ann. §4-3-101, et seq. Because the Tennessee Department of Health is a division of the State government, punitive damages are not

4

recoverable against it, and Defendants' Motion to Dismiss Plaintiff's claim for punitive damages should be GRANTED.

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Partial Dismissal be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge