IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEBRA J. SMITH )
)
v. ) NO. 3-12-0611
) JUDGE CAMPBELL
TENNESSEE DEPARTMENT OF )
HEALTH )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 29). For the reasons stated herein, Defendant's Motion is GRANTED.

INTRODUCTION

Plaintiff Debra Smith sued her employer, Defendant Tennessee Department of Health, alleging that Defendant discriminated against her because of her race and retaliated against her for having filed a charge of discrimination. Defendant has moved for summary judgment on Plaintiff's claims.

Plaintiff was, at all relevant times, a Public Health Program Director 1 in the Heart Disease and Stroke Prevention Program. Since the filing of this lawsuit, she has transferred to become a Public Health Program Director 1 for the Community Health Systems Program.

The Tennessee Human Rights Commission ("THRC") Complaint from which this lawsuit arose asserts that Defendant discriminated against Plaintiff by taking away supervisory duties because of her race (African-American) and in retaliation for filing a previous charge with the THRC and Equal Employment Opportunity Commission ("EEOC")[1]. Plaintiff's Right-to-Sue

---

[1] Plaintiff's first THRC Complaint is dated September 1, 2010, and alleges discrimination based upon race and retaliation. The Right-to-Sue Notice from the EEOC with regard to that complaint is dated December 8, 2010. Docket No. 1-2, pp. 7-8.

1

Notice from the EEOC with regard to this complaint is dated April 30, 2012. Docket No. 1-2, pp. 9-10. Both the THRC charge and Plaintiff's Complaint assert that the alleged discrimination occurred on or about May 2, 2011.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## LIMITS OF PLAINTIFF'S CLAIMS

Under Title VII, a plaintiff must bring a charge with the EEOC within 180 days after the allegedly unlawful practice occurred or within 300 days if the plaintiff initiates proceedings with a state or local agency. 42 U.S.C. § 2000e-5(e)(1). A person aggrieved by employment discrimination must exhaust administrative remedies in order for a federal court to hear the claim. *Weigel v. Baptist Hospital of East Tennessee*, 302 F.3d 367, 379 (6th Cir. 2002); *Jordan v. E&A Protective Services-Bravo, LLC*, 2013 WL 5538660 at * 5 (W.D. Tenn. Oct. 7, 2013). The aggrieved person must file any civil action against the employer within ninety days after notice from the EEOC that it has investigated and dismissed the employee's charge. 42 U.S.C. § 2000e-5(f)(1); *Jordan* at *4.

The EEOC charge upon which Plaintiff's claims are based was filed on May 5, 2011. Defendant argues that Plaintiff's claims are limited to those reasonably expected to grow out of that May 5, 2011 charge. The charge does not include a claim for hostile work environment and it states that the alleged discrimination took place on May 2, 2011. Plaintiff did not check the box for "continuing action."[2]

Accordingly, Plaintiff's claim for hostile work environment is time-barred and barred for failure to exhaust administrative remedies. Moreover, Plaintiff's claims are limited to those growing out of the allegations of race discrimination and retaliation in the May 5, 2011 complaint. The "adverse employment action" is Plaintiff's being removed from supervising two employees, and Plaintiff alleges that the discrimination took place on May 2, 2011. *See* Docket No. 47, ¶ 9.

---

[2] To the extent Plaintiff attempts to rely on the previously-submitted EEOC charge, dated September 1, 2010, which did allege a hostile work environment and stated that there was a continuing action, she failed to file a timely lawsuit based upon that charge. The Right-to-Sue Notice was dated December 10, 2010, and this action was not filed until June 14, 2012.

For these reasons, Defendant's Motion for Summary Judgment on Plaintiff's hostile work environment claim is granted, and that claim is dismissed. In addition, Plaintiff's claims herein are limited to those reasonably expected to grow out of the May 5, 2011 charge.

## RACE DISCRIMINATION

In order to establish a *prima facie* case of discrimination, in the absence of direct evidence of discrimination, a plaintiff must show that: (1) she was in a protected class or minority; (2) she was qualified for the position; (3) despite these qualifications, she was subjected to an adverse employment action; and (4) she was treated differently than similarly-situated, non-protected employees. *Evans v. Walgreen Co.*, 813 F.Supp.2d 897, 918 (W.D. Tenn. 2011); *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004).

If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. If it does so, the burden returns to the plaintiff to show that the defendant's reason was a pretext for discrimination. *Sybrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557-58 (6th Cir. 2009). Throughout this burden-shifting approach, the plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, the intent to discriminate. *Id*. To show pretext, Plaintiff may show that (1) the proffered reason had no basis in fact, (2) the proffered reason did not actually motivate the action, or (3) the proffered reason was insufficient to warrant the adverse action. *Id.*

Defendant argues that Plaintiff cannot show that she was treated differently than similarly-situated, non-protected employees. Factors to consider in determining whether other employees were similarly-situated include whether they dealt with the same supervisor, whether they were subject to the same standards, and whether they engaged in the same conduct without such differentiating

4

or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 563 (6th Cir. 2013). Although Plaintiff is not required to demonstrate an exact correlation between herself and others similarly situated, she must show that she and her proposed comparators were similar in all relevant respects. *Bobo v. United Parcel Service, Inc.*, 665 F.3d 741, 751 (6th Cir. 2012).

Here, Plaintiff has not offered evidence that similarly-situated white supervisors who engaged in the same conduct as Plaintiff were allowed to keep their supervisory authority over employees. Plaintiff alleges that her supervisor gave preferential treatment to the two Caucasian employees under Plaintiff's supervision, but Plaintiff does not show how these two employees were similarly-situated to Plaintiff or that they were allowed to keep supervisory authority over anyone.

Plaintiff's Response and her Statement of Facts include pages of allegations unrelated to the one adverse employment action at issue - removing two employees from Plaintiff's supervision - but Plaintiff has not shown that similarly-situated, non-protected employees were treated more favorably than she. Accordingly, Plaintiff has not established her *prima facie* case of racial discrimination. Moreover, Plaintiff has not carried her ultimate burden of showing that there are genuine issues of material fact concerning whether the removal of the two employees from her supervisory duties was based upon Plaintiff's race.

Even if Plaintiff had been able to demonstrate a *prima facie* case of race discrimination, Defendant has articulated a legitimate, non-discriminatory reason for removing the two employees from Plaintiff's supervision. Defendant contends that the poor working relationship between Plaintiff and the two employees (which was not being resolved) led Defendant to honestly believe

5

that the removal of the two subordinates from Plaintiff's oversight was in the best interest of the Heart Disease and Stroke Prevention Program in which they worked.

A plaintiff cannot establish pretext so long as the employer made a reasonably informed and considered decision before taking the adverse employment action. *Foster v. Spring Meadows Healthcare Center, LLC*, 2013 WL 829363 at * 10 (M.D. Tenn. March 6, 2013) (*citing Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998)). Where the employer can demonstrate an honest belief in its proffered reason, an inference of pretext is not warranted. *Seeger v. Cincinnati Bell Telephone Co., LLC*, 681 F.3d 274, 285 (6th Cir. 2012). An employer's proffered reason is considered honestly held where the employer can establish it reasonably relied upon the particularized facts that were before it at the time the decision was made. *Id.* A plaintiff is required to show more than a dispute over the facts upon which the decision was based. *Id.*

Plaintiff does not deny the poor working relationship with her two subordinates. *See, e.g.,* Docket No. 42, ¶¶ 15, 17, 22-24, 32, 36. She does not deny that she complained multiple times about the work performance and attitudes of the two employees. *See. e.g., Id.*, ¶¶ 36, 55, 68. Plaintiff argues that the allegations made against her by the two employees were false allegations. *See, e.g., Id.*, ¶¶ 28, 33, 48-50. Regardless of who was at fault, however, Plaintiff has not shown that Defendant did not honestly believe that the working relationship between Plaintiff and the two employees had reached a point where a reasonable option, for the good of the program, was a change in supervision.[3]

---

[3] Plaintiff does not dispute that Defendant made similar supervisory changes for the good of its various programs, decisions which were made without reference to the race of the personnel involved. Docket No. 42, ¶ 29.

For all these reasons, Defendant's Motion for Summary Judgment on Plaintiff's race discrimination claim is granted, and that claim is dismissed.

RETALIATION

To establish a *prima facie* case of retaliation, Plaintiff must show that (1) she engaged in protected activity; (2) the activity was known to the Defendant; (3) Plaintiff was subjected to a materially adverse employment action, and (4) there was a causal connection between the protected activity and the adverse action. *White v. Putnam County*, 2013 WL 5935146 at * 6 (M.D. Tenn. Nov. 1, 2013) (citing *Harris v. Metro. Government of Nashville and Davidson County*, 594 F.3d 476, 485 (6th Cir. 2010)). Defendant contends that Plaintiff cannot establish the fourth element, a causal connection between her complaints and the adverse action.

To establish a causal connection, Plaintiff must produce sufficient evidence from which one could draw an inference that Defendant would not have removed Plaintiff's supervisory duties had she not engaged in activity protected under Title VII. *Taylor v. Geithner*, 703 F.3d 328, 339 (6th Cir. 2013). In *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517 (2013), the Court held that a plaintiff making a Title VII retaliation claim must establish that his or her protected activity was a "but-for" cause of the alleged adverse action by the employer. *Id.* at 2533-34.

Plaintiff has not come forward with sufficient evidence that the decision to move the two employees under her supervision was causally connected to her 2010 reports to the THRC and EEOC. As noted above, Plaintiff does not dispute that the working relationships in her program were strained. She disputes that the discord was her fault, but she does not dispute that it existed. Although Plaintiff's narrative alleges many facts related to past actions and alleged misconduct, she

7

has not shown that the one adverse employment action at issue, removal of two employees from her supervision, was causally connected to prior complaints.

For these reasons, Defendant's Motion for Summary Judgment on Plaintiff's retaliation claim is granted, and that claim is dismissed.

CONCLUSION

Defendant's Motion for Summary Judgment (Docket No. 29) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE